Judge McMe...

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 2205

------------------------------------------------------------x *DKT#:*

KAMOE SMITH,

                              Plaintiff,                    COMPLAINT

          - against -                                       **DOC #.**

                                                            JURY TRIAL DEMANDED

THE CITY OF NEW YORK, THE NEW                               ECF CASE
YORK CITY POLICE DEPARTMENT,
DETECTIVE DAMIEN BRADSHAW (Shield No.:
2141), DETECTIVE KEITH CUMMINGS (Tax ID No.:
903719),DETECTIVE J. TOWNSEND (Tax ID No.:
918418), SERGEANT JUDGE (Tax ID No.: 901746),
individually and in their Official Capacity and Police
Officers "JOHN DOE" #1-10, individually and in their
official capacities (the name John Doe being fictitious
as the true names are presently unknown),

                              Defendant.
------------------------------------------------------------x

          Plaintiff, KAMOE SMITH, by his attorneys, TREYVUS & KONOSKI, P.C.,

complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

          1.  Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

### JURISDICTION

          2.  This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

          3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4.  Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.  Plaintiff, KAMOE SMITH, is an a Permanent Resident Alien, and at all relevant times a resident of the City and State of New York.

7.  Defendant, the CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant, the CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.  That at all times hereinafter mentioned, the individually named defendants, DETECTIVE DAMIEN BRADSHAW (Shield No.:2141), DETECTIVE KEITH CUMMINGS (Tax ID No.: 903719),DETECTIVE J. TOWNSEND (Tax ID No.: 918418), SERGEANT JUDGE (Tax ID No.: 901746) and Police Officers "JOHN DOE" #1-10, were duly sworn police officers of The City of New York Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through

their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On or about November 15, 2010 through on or about November 23, 2010, and prior thereto, the Plaintiff, KAMOE SMITH, was an employee of the "Double O Barber Shop and Beauty Shop" located at 2310 First Avenue in New York County.

14. The "Double O Barber Shop and Beauty Shop" and an unknown individual was under investigation for criminal activity, to wit: the sale and possession of marijuana. The police alleged that the unknown individual sold marijuana from that location on more than one occasion. As a result, the police requested that the Court issue a Search Warrant as part of their investigation.

15. On or about November 15, 2010, a Search Warrant was submitted to, and signed by, the Honorable Diana Boyar. A copy of the Search Warrant is attached hereto as Exhibit A.

16. In support of the Search Warrant, an "Affidavit in Support of Search Warrant" (hereinafter referred to as "Affidavit") was prepared and/or signed by DETECTIVE DAMIEN BRADSHAW (Shield No.: 2141) and was also submitted to the Honorable Diana Boyar for her consideration. The Affidavit is attached hereto as Exhibit B.

17. The Search Warrant and Search Warrant Affidavit were issued "Search Warrant

Page **3** of **16**

Number 0929-1010".

18. The Affidavit and accompanying Search Warrant requested approval to enter a specific location in search of various forms of contraband and evidence of criminal activity. The Affidavit and accompanying Search Warrant also described specific unknown suspect by a name known as "JD" along with a physical description.

19. The police executed the Search Warrant on November 23, 2010 at approximately 3:00 p.m. while the Plaintiff, KAMOE SMITH, was working at the "Double O Barber Shop and Beauty Shop". During the execution of the Search Warrant, the police searched the backyard/courtyard of the subject location. The backyard/courtyard was private property enclosed by a fence and the owners and employees of the "Double O Barber Shop and Beauty Shop" had a reasonable expectation of privacy in that area of the property. During the search of the backyard/courtyard the police recovered a suitcase containing marijuana weighing an aggregate weight of more than sixteen ounces.

20. KAMOE SMITH has no criminal convictions and prior to November 23, 2010, had no contacts with the criminal justice system. On November 23, 2010, the Plaintiff, KAMOE SMITH, was arrested and charged with Criminal Possession of Marijuana in the Second Degree, a Class D drug felony, in violation of PL § 221.25.

**The Specified Search Location.**

21. The Affidavit indicates that the police had "reasonable cause to believe that evidence of the sale and possession of marijuana, and conspiracy to commit those crimes will be found *inside* of the premises." (See Exhibit B, ¶ 2).

22. The Affidavit also indicates that the proof of criminal conduct "is located *within* the target premises . . .." (See Exhibit B, ¶ 3).

23. The Affidavit notes that a Confidential Informant (hereinafter "CI") told DETECTIVE DAMIEN BRADSHAW (Shield No.: 2141) that "controlled substances are being sold and possessed *in* the target premises." (See Exhibit B, ¶ 6).

24. The Affidavit further notes that the CI's source of knowledge comes from the fact that DETECTIVE DAMIEN BRADSHAW (Shield No.: 2141) and the CI "conducted a controlled buy of marijuana from Double O Barber Shop and Beauty Shop, *which occupies the first floor* of 2310 1st Avenue . . .."

25. The Affidavit further describes the target premises, and states:

> "On November 11, 2010, under the supervision of Sergeant Judge, I conducted a reconnaissance at the *public and non public areas* of Double O Barber Shop and Beauty Shop, which occupies the *first floor* of 2310 1st Avenue in order to become familiarized with the location and personally observe the entry door to the target premises. 2310 1st Avenue is a four (4) story red brick building located on the East side of 1st Avenue between East 118th Street and East 119th Street. The *first floor* of 2310 1st Avenue is occupied by Double O Barber Shop and Beauty Shop. There is a blue awning on the front of the location which is marked 'Double O Barber Shop and Beauty Shop' and '2310 1st Avenue'. The front of the store is a glass window with a glass door with a metal frame. There is a row of barber chairs on the left hand side of the inside of the shop and a bathroom on the right hand side in the rear of the store." (See Exhibit B, ¶ 10).

26. As set forth in Paragraphs 21-25 of this complaint, the Affidavit specifically notes that the contraband and evidence being sought is located either "inside" "within" "in" or on the "first floor" of the premises.

27. Paragraph 10 of the Affidavit (Exhibit B) references *"public and non-public areas"* of the "Double O Barber Shop and Beauty Shop". However, the subsequent description contained in Paragraph 10 of the Affidavit defines the terms *"public and non-public areas"* and

limits the Search Warrant Application to the *interior* of the "Double O Barber Shop and Beauty Shop" by providing a specific description of the location and describing the location as the *first floor* of the building itself. No-where in the Affidavit is there any mention of a "backyard" or "courtyard" as being within the scope of the search location or as being a *"public and non-public area"* as specifically defined in the Affidavit. The Affidavit does not seek permission from the Court to conduct a search outside of the "Double O Barber Shop and Beauty Shop", including the backyard/courtyard or any other adjoining land or property. Nowhere in the affidavit does DETECTIVE DAMIEN BRADSHAW (Shield No.: 2141) request permission from the Court to conduct a search beyond the first floor of the *interior* of the "Double O Barber Shop and Beauty Shop."

28. The Search Warrant issued by the Court (Exhibit A) noted that that:

> "there is reasonable cause for believing that certain property
> . . . which is evidence of the possession of marijuana and the
> means of committing a marijuana related crime, may be
> found *in the public and non public areas* of "Double O
> Barber Shop and Beauty Shop which *occupies the first floor
> of 2310 1ˢᵗ Avenue, New York, New York . . . .*"

29. The Search Warrant issued by the Court (Exhibit A) specifically grants the police authority to conduct a search "*of the public and non public areas*" of "Double O Barber Shop and Beauty Shop", *which occupies the first floor of 2310 1ˢᵗ Avenue, New York, New York . . . .*" Based on the Affidavit, coupled with plain language of the Search Warrant that was issued by the Court, the Search warrant was limited to the first floor *interior* of the target location.

30. The Search Warrant does not utilize any term that may legally be construed as extending, or broadening, the permissible search location beyond the *interior* of the "Double O Barber Shop and Beauty Shop". Therefore, the backyard/courtyard and/or any other adjoining or

abutting land or property was not a location that the police were legally permitted to enter and search.

32. Despite not having legal authority to enter and search the backyard and/or courtyard of the "Double O Barber Shop and Beauty Shop", the defendants entered the backyard and/or courtyard and conducted an illegal search.

32. The defendants, DETECTIVE DAMIEN BRADSHAW (Shield No.:2141), DETECTIVE KEITH CUMMINGS (Tax ID No.: 903719), DETECTIVE J. TOWNSEND (Tax ID No.: 918418), SERGEANT JUDGE (Tax ID No.: 901746) and Police Officers "JOHN DOE" #1-10, knowingly, intentionally, willfully and/or recklessly disregarded the fact that the Search Warrant did not permit the Search of the backyard/courtyard behind the "Double O Barber Shop and Beauty Shop".

**The Suspect Described.**

33. A "JD" name that is set forth in a Search Warrant references a "John Doe", who is a person whom the police are aware of, and who is suspected to have engaged in criminal activity, but whose name is currently unknown. When the police reference a "JD" in a Search Warrant application the police also provide a physical description of the suspect to assist in identifying the correct suspect.

34. With respect to the investigation and Search Warrant Application in this case, the police were aware of a suspect and issued the suspect a "JD" name and description.

35. The Search Warrant Affidavit (Exhibit B) specifically notes that there is a suspect with a "JD" name and notes that the "JD" individual is "described as a Male Black, approximately in his late 30's and 5'10" tall, with a medium build and long dreads." (See Exhibit B, ¶¶ 2 and the "Wherefore Clause").

36. The Search Warrant issued by the Court permitted the police to search the "JD" individual described in the Affidavit. (See Exhibit A).

37. The description of the "JD" individual did not fit the description of the Plaintiff, KAMOE SMITH.

38. At the time of the investigation and issuance of the Search Warrant, KAMOE SMITH was 26 years old. Moreover, KAMOE SMITH did not have "long dreads". In fact, KAMOE SMITH has never had dread-locks of any kind and always maintained a short hair style.

39. KAMOE SMITH and "JD" were two separate and distinct people.

40. The Search Warrant did not specifically permit the Search or Arrest of the Plaintiff.

**The Search of the Subject Location and Arrest of Plaintiff.**

41. The Plaintiff, KAMOE SMITH, was present inside of the "Double O Barber Shop and Beauty Shop" at the time police executed the Search Warrant.

42. Upon executing the Search Warrant, the police arrested the Plaintiff, KAMOE SMITH and charged him with Criminal Possession of Marijuana in the Second Degree, a Class D drug felony, in violation of New York Penal Law § 221.25. The criminal complaint was issued docket number 2010NY087054. Subsequent to being charged pursuant to a criminal complaint the Plaintiff was indicted by a Grand Jury under Indictment Number 5694/2010.

43. The Criminal Complaint states:

> "Pursuant to the execution of a search warrant signed by the Honorable Diana Boyar on November 15, 2010, deponent searched Double O Barber Shop, located at 2310 First Avenue in New York County. Deponent states that the defendant was sitting inside the back of the barber shop, just inside of the door to a courtyard attached to the barbershop. Deponent further states that the door to the courtyard was open. Just outside the door to the right, deponent recovered a suitcase containing marijuana weighing an aggregate weight of more than sixteen ounces."

44. The Criminal Complaint also states:

> ". . . defendant Kamoe Smith had dominion and control of the aforementioned marijuana in that he stated in sum and substance that he worked at the barber shop and also had the keys to the barber shop in his jacket pocket. Deponent further states that he observed defendant open the doors to the barber shop earlier in the morning and that the door where the defendant was sitting is the only door to the courtyard area."

45. The Criminal Complaint was signed and sworn to by defendant, DETECTIVE

DAMIEN BRADSHAW (Badge # 2141) and is attached hereto as Exhibit C.

46. Penal Law § 220.25, relates to "constructive possession" over drugs, and states:

1. The presence of a controlled substance in an automobile, other than a public omnibus, is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found; except that such presumption does not apply (a) to a duly licensed operator of an automobile who is at the time operating it for hire in the lawful and proper pursuit of his trade, or (b) to any person in the automobile if one of them, having obtained the controlled substance and not being under duress, is authorized to possess it and such controlled substance is in the same container as when he received possession thereof, or (c) when the controlled substance is concealed upon the person of one of the occupants.

2. The presence of a narcotic drug, narcotic preparation, marihuana or phencyclidine in open view in a room, other than a public place, under circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare for sale such controlled substance is presumptive evidence of knowing possession thereof by each and every person in close proximity to such controlled substance at the time such controlled substance was found; except that such presumption does not apply to any such persons if (a) one of them, having obtained such controlled substance

and not being under duress, is authorized to possess it and such controlled substance is in the same container as when he received possession thereof, or (b) one of them has such controlled substance upon his person.

47. Neither sub-section of Penal Law § 220.25 applied to the Plaintiff in this case.

48. The defendants, DETECTIVE DAMIEN BRADSHAW (Shield No.:2141), DETECTIVE KEITH CUMMINGS (Tax ID No.: 903719), DETECTIVE J. TOWNSEND (Tax ID No.: 918418), SERGEANT JUDGE (Tax ID No.: 901746) and Police Officers "JOHN DOE" #1-10, were aware of Penal Law §220.05, knew the terms of the statute, and knowingly, intentionally, willfully and/or recklessly disregarded the statute.

49. Despite the Plaintiff's arrest, there was no proof that the Plaintiff, KAMOE SMITH, was involved in any drug selling or other drug related operation being conducted at the "Double O Barber Shop and Beauty Shop." Moreover, there was no proof that the Plaintiff, KAMOE SMITH, owned, rented, or had control over or a possessory interest in the store, back room, or backyard/courtyard. Therefore, the police did not have proof that the Plaintiff, KAMOE SMITH, had actual or constructive possession over the marijuana recovered. (See *People v. Dwayne Pearson*, 75 N.Y.2d 1001 (1990)(NY Court of Appeals).

50. Based on the allegations in this complaint set forth in ¶¶ 41-49, the evidence was legally insufficient to establish Plaintiff's constructive or actual possession of the marijuana recovered from the backyard/courtyard.

51. Based on the allegations in this complaint set forth in ¶¶ 41-49, the evidence was legally insufficient to establish Probable cause to arrest the Plaintiff for the crime he was charged with.

52. The defendants, DETECTIVE DAMIEN BRADSHAW (Shield No.:2141), DETECTIVE KEITH CUMMINGS (Tax ID No.: 903719), DETECTIVE J. TOWNSEND (Tax

ID No.: 918418), SERGEANT JUDGE (Tax ID No.: 901746) and Police Officers "JOHN DOE"
#1-10, knowingly, intentionally, willfully and/or recklessly disregarded the fact that there was
insufficient proof that the Plaintiff possessed the marijuana recovered and that there was no
probable cause to arrest the Plaintiff.

53. Upon information and belief, the source of which is information conveyed to criminal
defense counsel from the Assistant District Attorney assigned to prosecute the Plaintiff, the
police observed an individual running through the backyard/courtyard as they were about to, or
were in the process of, executing the search warrant.

54. Despite knowing that another individual was seen in the backyard/courtyard and
who may have had actual and/or constructive possession of the marijuana recovered, and who
may have been the true perpetrator of the crimes charged, DETECTIVE DAMIEN
BRADSHAW (Shield No.:2141), DETECTIVE KEITH CUMMINGS (Tax ID No.:
903719),DETECTIVE J. TOWNSEND (Tax ID No.: 918418), SERGEANT JUDGE (Tax ID
No.: 901746) and Police Officers "JOHN DOE" #1-10, knowingly, intentionally, willfully and/or
recklessly disregarded this fact, failed to further investigate, and still arrested and prosecuted the
Plaintiff.

55. Upon information and belief, the source of which is information conveyed to criminal
defense counsel from the Assistant District Attorney assigned to prosecute the Plaintiff,
sometime after the Plaintiff was arrested by Police, the CI identified the Plaintiff as the "JD"
individual who sold marijuana to him on prior occasions from "Double O Barber Shop and
Beauty Shop".

56. The CI's identification of the Plaintiff as the perpetrator of a crime was inconsistent
and inaccurate as demonstrated by the fact that the CI previously described the perpetrator as "as

a Male Black, approximately in his late 30's and 5'10" tall, with a medium build and long dreads." (See Exhibit B, ¶¶ 2 and the "Wherefore Clause"). There was a very clear discrepancy between the CI's description of "JD" and the Plaintiff's appearance. This discrepancy demonstrated the unreliability and/or inaccuracy of the CI.

57. The discrepancy between the CI's description of "JD" and the Plaintiff's appearance demonstrated the unreliability and/or inaccuracy of the CI.

58. Despite the clear discrepancy in the descriptions between the "JD" suspect and KAMOE SMITH, as well as the apparent unreliability and/or inaccuracy of the CI, DETECTIVE DAMIEN BRADSHAW (Shield No.:2141), DETECTIVE KEITH CUMMINGS (Tax ID No.: 903719), DETECTIVE J. TOWNSEND (Tax ID No.: 918418), SERGEANT JUDGE (Tax ID No.: 901746) and Police Officers "JOHN DOE" #1-10, knowingly, intentionally, willfully and/or in recklessly disregarded these discrepancies and/or inaccuracies, and failed to further investigate.

59. DETECTIVE DAMIEN BRADSHAW (Shield No.:2141), DETECTIVE KEITH CUMMINGS (Tax ID No.: 903719), DETECTIVE J. TOWNSEND (Tax ID No.: 918418), SERGEANT JUDGE (Tax ID No.: 901746) and Police Officers "JOHN DOE" #1-10, knowingly, intentionally, willfully and/or in reckless disregard for the truth, arrested the Plaintiff, KAMOE SMITH, and caused him to be prosecuted for a crime he did not commit.

60. Eventually, all charges against the Plaintiff were dismissed by the New York County District Attorney's Office.

61. Before having the charges dismissed, the Plaintiff spent approximately one (1) month in jail. Moreover, he was subjected to prosecution for a crime he did not commit and was facing the possibility of a lengthy prison sentence.

62. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
<u>**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**</u>

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

65. All of the aforementioned acts deprived plaintiff KAMOE SMITH of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

66. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

67. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the City of New York and the New York Police Department, all under the supervision of ranking officers of said department.

68. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her

Page **13** of **16**

respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. As a result of defendants' aforementioned conduct, plaintiff KAMOE SMITH was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

71. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

72. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for their safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. As a result of defendants' aforementioned conduct, plaintiff KAMOE SMITH and was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

75. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of KAMOE SMITH's constitutional rights.

76. As a result of the foregoing, plaintiff's liberty was restricted for an extended

period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to

handcuffing, and other physical restraints, without probable cause.

**FOURTH CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. All of the Defendants were directly and actively involved in the initiation of criminal

proceedings against KAMOE SMITH.

79. All of the Defendants lacked probable cause to initiate criminal proceedings against

KAMOE SMITH.

80. All of the Defendants acted with malice in initiating criminal proceedings against

KAMOE SMITH.

81. All of the Defendants were directly and actively involved in the continuation of

criminal proceedings against KAMOE SMITH.

82. All of the Defendants lacked probable cause to continue criminal proceedings against

KAMOE SMITH.

83. All of the Defendants acted with malice in continuing criminal proceedings against

KAMOE SMITH.

84. Notwithstanding the conduct of the Defendants, the criminal proceedings were

terminated in KAMOE SMITH's favor when all criminal charges against him were dismissed.

85. As a result of the foregoing, Plaintiff sustained, inter alia, loss of liberty, emotional

distress, embarrassment and humiliation, lost earnings and deprivation of his constitutional

rights.

## DAMAGES AND RELIEF REQUESTED

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. All of the foregoing acts by defendants deprived KAMOE SMITH of federally protected rights, including, but not limited to, the right:

        A.  Not to be deprived of liberty without due process of law;

        B.  To be free from seizure and arrest not based upon probable cause;

        C.  To be free from unwarranted and malicious criminal prosecution;

        D.  To receive equal protection under the law.

88. By reason of the aforesaid conduct by defendants, plaintiff KAMOE SMITH is entitled to the sum of five-million dollars ($5,000,000.00) in compensatory damages, ten-million dollars ($10,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff KAMOE SMITH demands judgment in the sum of five-million dollars ($5,000,000.00) in compensatory damages, ten-million dollars ($10,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
       March 26, 2012

                   By:     _____
                            BRYAN KONOSKI (BK 2325)
                            Treyvus & Konoski, P.C.
                            *Attorney(s) for the Plaintiff*
                            305 Broadway, 14th Floor
                            New York, NY 10007
                            (212) 897-5832

# EXHIBIT A

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

Proof by affidavit having been made this day before me by Detective Damien Bradshaw, Shield 2141, that there is reasonable cause for believing that certain property, to wit:

a. marijuana, vials, caps, glassine envelopes, small ziplock-style bags, and other evidence of the possession and distribution of marijuana, including but not limited to paraphernalia used to process and distribute drugs, including but not limited to dilutants and scales, counter-surveillance equipment, and records and documents reflecting drug transactions;

b. currency and other evidence of proceeds from drug trafficking, including but not limited to financial records in any format, tending to demonstrate cash transactions or financial transfers derived from the possession of cash currency, money orders, bank receipts, stocks, bonds, bills and receipts for goods and services, documents relating to real estate holdings, and any title or registration to motor vehicles;

c. evidence of ownership and use of the target premises, or the use of property located therein by any person, including but not limited to keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises, identification bearing the name or photograph of any person, telephone books, address books, date books, calendars, personal papers, and videotapes and photographs of persons.

which is evidence of the possession of marijuana and the means of committing a marijuana related crime, may be found in the public and non public areas of "Double "O" Barber Shop and Beauty Shop" which occupies the first floor of 2310 1st Avenue, New York, New York and of the person of JD███ if present therein.

YOU ARE THEREFORE COMMANDED, between 6:00 a.m. and 9:00 p.m., without prior notice of authority or purpose, to make a search of the public and non public areas of "Double "O" Barber Shop and Beauty Shop" which occupies the first floor of 2310 1st Avenue,

New York, New York and of the person of JD ███ (described as a Male Black, approximately in his late 30's and 5'10" tall, with a medium build and long dreads), if present therein, for the above described property, and if you find such property or evidence or any part thereof to bring it before the court without unnecessary delay.

<u>WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE</u>

DATED IN THE CITY OF NEW YORK, this 5th day of _November_

TIME: 5.30 pm

HON. DIANA BOYAR

JUDGE OF THE CRIMINAL COURT

<u>Target Location</u>: the public and non public areas of "Double "O" Barber Shop and Beauty Shop" which occupies the first floor of 2310 1st Avenue, New York, New York.

CRIMINAL COURT OF THE CITY OF NEW YORK

COUNTY OF NEW YORK

IN THE MATTER
OF

AN APPLICATION FOR A WARRANT AUTHORIZING THE SEARCH OF THE PUBLIC
AND NON PUBLIC AREAS OF "DOUBLE "O" BARBER SHOP AND BEAUTY SHOP"
WHICH OCCUPIES THE FIRST FLOOR OF 2310 1ST AVENUE, NEW YORK, NEW
YORK.

BRIDGET G. BRENNAN
SPECIAL ASSISTANT DISTRICT ATTORNEY
80 Centre Street
New York, New York 10013

SEARCH WARRANT #          0929-2010

# EXHIBIT B

REDACTED

CRIMINAL COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN THE MATTER

OF

AN APPLICATION FOR A WARRANT
AUTHORIZING A SEARCH OF THE PUBLIC AND
NON PUBLIC AREAS OF "DOUBLE "O" BARBER
SHOP AND BEAUTY SHOP" WHICH OCCUPIES THE
FIRST FLOOR OF 2310 1ST AVENUE, NEW YORK,
NEW YORK.

**0929 - 2010**

SEARCH WARRANT NO. _____
SPECIAL NARCOTICS COURT

AFFIDAVIT IN SUPPORT OF
SEARCH WARRANT

Detective Damien Bradshaw, Shield 2141, being duly sworn, deposes and says:

1.       I am a Detective in the NYPD, assigned to the Narcotics Borough Manhattan

North.

2.       This affidavit is submitted in support of an application for a warrant to search the

public and non public areas of "Double "O" Barber Shop and Beauty Shop" which occupies the

first floor of 2310 1st Avenue, New York, New York ("the target premises") and the person of

JD████ (described as a Male Black, approximately in his late 30's and 5'10" tall, with a medium

build and long dreads), if present therein, where there is reasonable cause to believe that

evidence of the sale and possession of marijuana, and conspiracy to commit those crimes, will be

found, including but not limited to:

        a.  marijuana, vials, caps, glassine envelopes, small ziplock-style bags, and
            other evidence of the possession and distribution of marijuana, including
            but not limited to paraphernalia used to process and distribute drugs,
            including but not limited to dilutants and scales, counter-surveillance
            equipment, and records and documents reflecting drug transactions;

        b.  currency and other evidence of proceeds from drug trafficking, including
            but not limited to financial records in any format, tending to demonstrate
            cash transactions or financial transfers derived from the possession of cash

currency, money orders, bank receipts, stocks, bonds, bills and receipts for goods and services, documents relating to real estate holdings, and any title or registration to motor vehicles;

c.  evidence of ownership and use of the target premises, or the use of property located therein by any person, including but not limited to keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises, identification bearing the name or photograph of any person, telephone books, address books, date books, calendars, personal papers, and videotapes and photographs of persons.

3.      As set forth below, there is reasonable cause to believe that the above described property is located within the target premises; moreover as set forth below, there is reasonable cause to believe that this property constitutes evidence or tends to demonstrate that an offense was committed, or that a particular person participated in the commission of said offense.

4.      I have spoken to a confidential informant who is registered with the NYPD under CI Number             (hereinafter referred to as CI) and he/she has a proven history of reliability based on his/her having provided reliable information on more than four (4) occasions. For example, in April 2010, information provided by CI led to a search warrant that resulted in the seizure of marijuana and drug paraphernalia, and the arrest of two (2) individuals; previously in January 2010, information provided by CI led to a search warrant that resulted in the seizure of marijuana and drug paraphernalia, and the arrest of one (1) individual; in December 2009, information provided by CI led to a search warrant that resulted in the seizure of ecstasy, marijuana and drug paraphernalia, and the arrest of one (1) individual; and in November 2009, information provided by CI led to a search warrant that resulted in the seizure of ecstasy, marijuana and drug paraphernalia, and the arrest of one (1) individual.

2

5.     CI is a former user of ▮▮▮▮▮ and has had experience in the illegal narcotics trade. CI recognizes the paraphernalia commonly used in the cutting and packaging of marijuana and can recognize marijuana by its appearance.

6.     CI informs me that controlled substances are being sold and possessed in the target premises. The confidential informant's basis of knowledge is as follows:

7.     Within the last six (6) weeks, the affiant conducted a controlled buy of marijuana from "Double "O" Barber Shop and Beauty Shop" which occupies the first floor of 2310 1st Avenue, utilizing CI. On this day, CI was searched for contraband and currency, with negative results and CI was given a sum of United States currency (hereinafter referred to as USC). CI was accompanied to the vicinity of 2310 1st Avenue by the affiant and members of the New York City Police Department and CI was observed by the affiant entering the above mentioned building. Shortly thereafter, CI was observed by the affiant exiting the above mentioned building and walking to a pre-arranged meeting location. Once thereat, CI handed the affiant ▮▮▮▮▮▮▮ bags containing a green leafy substance and CI was searched again, with negative results. CI then informed the affiant of what had transpired: CI entered "Double "O" Barber Shop and Beauty Shop" and approached JD ▮▮▮ (described as a Male Black, approximately in his late 30's and 5'10" tall, with a medium build and long dreads). CI and JD ▮▮▮ engaged in a brief marijuana related conversation, as part of said conversation, JD ▮▮▮ agreed to sell CI a portion of marijuana in exchange for a sum of USC. Following said conversation, CI handed JD ▮▮▮ a sum of USC and JD ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ handed CI ▮▮▮▮▮ ▮▮▮▮▮ bags containing a green leafy substance. CI then left the location.

3

a.   Based on his/her experience in the narcotics trade, the informant believes the

green leafy substance purchased on the above occasion was marijuana.

Furthermore, said purchase was field tested with positive results for marijuana.

8.      Within the last five (5) days, the affiant conducted a controlled buy of marijuana

from "Double "O" Barber Shop and Beauty Shop" which occupies the first floor of 2310 1st

Avenue, utilizing CI. On this day, CI was searched for contraband and currency, with negative

results and CI was given a sum of USC. CI was accompanied to the vicinity of 2310 1st Avenue

by the affiant and members of the New York City Police Department and CI was observed by the

affiant entering the above mentioned building. Shortly thereafter, CI was observed by the affiant

exiting the above mentioned building and walking to a pre-arranged meeting location. Once

thereat, CI handed the affiant one (1) ███████ bag containing a green leafy substance and CI

was searched again, with negative results. CI then informed the affiant of what had transpired:

CI entered "Double "O" Barber Shop and Beauty Shop" and approached JD ███ CI and JD

███ engaged in a brief marijuana related conversation, as part of said conversation, JD ███

agreed to sell CI a portion of marijuana in exchange for a sum of USC. Following said

conversation, CI handed JD ███ a sum of USC and JD ████████████████████

██████████████████████████████████ handed CI one (1) ███

███ bag containing a green leafy substance. CI then left the location.

a.   Based on his/her experience in the narcotics trade, the informant believes the

green leafy substance purchased on the above occasion was marijuana.

Furthermore, said purchase was field tested with positive results for marijuana.

9.      In view of the fact that the property sought to be seized can be easily and quickly

disposed of or destroyed, and because giving notice may endanger the lives and safety of the

executing officers and others, it is further requested that the officer executing the warrant be permitted to enter without prior notice of authority or purpose. The reasons for my belief are as follows: the target of the search warrant is reasonably likely to be present at the time of the execution of the search warrant; deponent's experience with or knowledge of the destruction of drugs during narcotics-related arrests and the execution of narcotics warrants, to wit: as a narcotics investigator, I have been present at numerous search warrant target apartments in which narcotics traffickers have attempted to dispose of their contraband by throwing it out of a window, flushing it down a toilet, or washing it down the sink while the police attempted to gain entry into the apartment; the location is being used for drug distribution on an ongoing basis and it is therefore reasonably likely that the target has taken precautions to destroy the illegal drugs.

10.     On November 11, 2010, under the supervision of Sergeant Judge, I conducted a reconnaissance at the public and non public areas of "Double "O" Barber Shop and Beauty Shop" which occupies the first floor of 2310 1st Avenue in order to become familiarized with the location and personally observe the entry door to target premises. 2310 1st Avenue is a four (4) story red brick building located on the East side of 1st Avenue between East 118th Street and East 119th Street. The first floor of 2310 1st Avenue is occupied by "Double "O" Barber Shop and Beauty Shop". There is a blue awning on the front of the location which is marked "Double "O" Barber Shop and Beauty Shop" and "2310 1st Avenue". The front of the store is a glass window with a glass door with a metal frame. There is a row of barber chairs on the left hand side of the inside of the shop and a bathroom on the right hand side in the rear of the store.

WHEREFORE, I respectfully request that the Court issue a warrant and order of seizure in the form annexed, authorizing a search of the public and non public areas of "Double "O" Barber Shop and Beauty Shop" which occupies the first floor of 2310 1st Avenue, New York,

5

New York ("the target premises") and the person of JD███ (described as a Male Black, approximately in his late 30's and 5'10" tall, with a medium build and long dreads), if present therein, for the above described property, and directing that if such property or evidence or any part thereof be found that it be seized and brought before the Court. It is also requested that the officers executing the warrant be permitted to enter the above premises without giving prior notice of authority and purpose. Authorization is also requested that if the court examines the confidential informant, that examination be incorporated as part of this affidavit and sealed pending further order.

No previous application in this matter has been made to any other judge, justice, or magistrate.

**False statements made herein are punishable as a class A misdemeanor pursuant to §210.45 of the Penal Law.**

OFFICER

APPROVED: _____
Assistant District Attorney

Target Location: the public and non public areas of "Double "O" Barber Shop and Beauty Shop," which occupies the first floor of 2310 1st Avenue, New York, New York.

Sworn to before this
15th day of November

TIME: _____

HON. DIANA BOYAR
JUDGE OF THE CRIMINAL COURT

7

# EXHIBIT C

Fax Server          11/23/2010 10:25:06 PM  PAGE   2/003   Fax Server

# CRIMINAL COURT OF THE CITY OF NEW YORK
## COUNTY OF NEW YORK

Page 1 of 2

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br>-against-<br><br>1. Kamoe Smith (M 26)  ECAB #<br>1171706 | FELONY<br>ADA HAIER<br>815-0192 |

Defendant.

Detective Damien Bradshaw, shield 02141 of the Narcotic Boro Manhattan North, states as follows:

On November 23, 2010, at about 15:00 hours at 2310 First Avenue, New York, New York in the County and State of New York, the Defendant committed the offenses of:

1.   PL221.25    Criminal Possession of Marijuana in the Second Degree
                  (1 count)

the defendant knowingly and unlawfully possessed a substance containing marijuana and the preparations, compounds, mixtures and substances are of an aggregate weight of more than sixteen ounces.

The offenses were committed under the following circumstances:

Pursuant to the execution of a search warrant signed by the Honorable Diana Boyar on November 15, 2010, deponent searched Double o Barber Shop, located at 2310 First Avenue in New York County. Deponent states that the defendant was sitting inside the back of the barber shop, just inside of the door to a courtyard attached to the barber shop. Deponent further states that the door to the courtyard was open. Just outside the door to the right, deponent recovered a suitcase containing marijuana weighing an aggregate weight of more than sixteen ounces.

Deponent further states that defendant Kamoe Smith had dominion and control of the aforementioned marijuana in that he stated in sum and substance that he worked at the barber shop and also had the keys to the barber shop in his jacket pocket. Deponent further states that he observed defendant open the doors to the barber shop earlier in the morning and that the door where the defendant was sitting is the only door to the courtyard area.

# CRIMINAL COURT OF THE CITY OF NEW YORK
## COUNTY OF NEW YORK

Page 2 of 2

THE PEOPLE OF THE STATE OF NEW YORK
-against-

1. Kamoe Smith (M 26)        ECAB #
                             1171706

Defendant.

FELONY
ADA HAIER
815-0192

Deponent further states that the above-described substance is in fact of the kind and quantity it is alleged to be based upon information and belief, the source of which is as follows: his professional training as a police officer in the identification of drugs, his prior experience as a police officer in drug arrests, the odor emanating from the substance, observation of the packaging which is characteristic of this type of drug and a field test of substance which confirmed that the substance is in fact what it is alleged to be.

Deponent further states that inside of the suitcase he recovered approximately $1700 and hundreds of Ziploc style bags in different sizes.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

Deponent                    Date and Time

ACT 5 Version 4.3.5 Created on 11/23/10 10:24 PM